UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-CR-20344-1-ALTMAN/LETT

UNITED STATES OF AMERICA,

v.

TAUGEA UBERT DAYES,

    Defendant.

                                        /

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

This matter is before the Court upon the Honorable Roy K. Altman's Order of Referral [ECF No. 47] to conduct a Change of Plea Hearing for Defendant Taugea Ubert Dayes ("Defendant" or "Mr. Dayes") in this case. The Court, having conducted the Change of Plea Hearing ("Hearing") on March 17, 2026, to determine whether Taugea Ubert Dayes has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

1.    The Court convened a hearing to permit Taugea Ubert Dayes to enter a change of plea. At the outset of the Hearing, Mr. Dayes was advised of his right to have these proceedings conducted by the district judge assigned to his case. Defendant, his attorney, and the Government all consented on the record to the undersigned conducting the Hearing. Additionally, it was explained that the district judge assigned to this case – Judge Roy Altman – would be the sentencing judge who

1

will conduct the sentencing hearing, make all findings and rulings concerning Defendant's sentence, and decide whether to accept the Government's recommendations as to sentencing.

2.      The undersigned inquired into whether Mr. Dayes had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. Defendant denied any prior or current mental health or addiction issues that would render him unable to understand the proceedings, and stated he was able to fully understand the proceedings. Based on Mr. Dayes' responses to these inquires, as well as counsel for the Government and counsel for Defendant's agreement that Defendant was competent to proceed, the Court determined Mr. Dayes was competent to understand the proceedings and enter a knowing and voluntary plea.

3.      The Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

4.      Defendant pled guilty to Counts 1 and 2 of the Indictment [ECF No. 3], which charges him with Smuggling Goods from the United States, in violation of Title 18, United States Code, Section 554(a) and Delivery of a Firearm to a Common Carrier without Written Notification, in violation of Title 18, United States Code, Section 922(e), respectively. I advised Defendant that the maximum penalty the Court could impose for Count 1 of the Indictment is a term of imprisonment of up to ten (10) years, followed by a term of supervised release of up to three (3) years. In

2

addition to any term of imprisonment, the Court may impose a fine of up to $250,000. For Count 2 of the Indictment, the maximum penalty the Court could impose is a term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years. In addition, the Court will impose a special assessment or court costs in the amount of $100 for each count for a total of $200, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the potential for mandatory restitution pursuant to 18 U.S.C. § 3663A, the possibility of forfeiture, and the potential for immigration consequences, including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

5.      To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial, memorialized in a written Factual Proffer. *See* ECF No. 52.  The Government established all the essential elements of the crime to which Defendant is pleading guilty. The Court reviewed with Mr. Dayes the Government's factual proffer to assure that a factual basis for the entry of the plea exists. Mr. Dayes assented to the accuracy of the proffer. Defense counsel agreed that the proffer satisfied all elements of the crime charged.  *Id.*

6.      Mr. Dayes acknowledged that he reviewed the Indictment, discussed the charges against him with his attorney and had a full opportunity to discuss the facts of the case with his attorney. The Parties entered into a written Plea Agreement that was thereafter filed with the Court.  *See* ECF No. 51.

7. I reviewed the Plea Agreement on the record and Defendant acknowledged that he had reviewed the entire agreement with counsel before he signed it. Mr. Dayes acknowledged that he is satisfied with his attorney, the representation that he has received, and that he has had a full opportunity to discuss all facets of his case – including reviewing discovery and discussing potential suppression motions – with his attorney.

8. Pursuant to Paragraph 8 of the Plea Agreement, Mr. Dayes agreed to waive all rights conferred by 18 U.S.C. § 3742 and 28 U.S.C. § 1291. I reviewed this paragraph of the plea agreement with Mr. Dayes, who agreed that he would waive these constitutional and appellate challenges in this matter. The Court determined that this was a knowing and voluntary waiver of these particular rights as part of the Plea Agreement.

9. Based upon all the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Mr. Dayes is fully competent and capable of entering an informed plea, that he is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

10. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing will be set by separate order before District Judge Roy K. Altman.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Counts 1 and 2 of the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report and Recommendation may be filed with the district judge within **three (3) days** of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C). If the parties do not intend to object, the parties shall file a Notice of Non-objection to the Report and Recommendation on Change of Plea within the same three (3) day deadline.

**RESPECTFULLY SUBMITTED** this 17th day of March, 2026.

_____
ENJOLIQUÉ A. LETT
UNITED STATES MAGISTRATE JUDGE


cc:     **United States District Judge Roy K. Altman**
        **All Counsel of Record**

5